# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**JACK KELLEY**, *et al.*,

    **Plaintiffs**,

    v.      C-1-07-008

**UNICO HOLDINGS, INC.**, *et al.*,

    **Defendants**.

## ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 33), plaintiffs' objections (doc. no. 34), objections by defendant Unico Holdings, Inc. (hereinafter "Unico") and defendant CVS Pharmacy, Inc. (hereinafter "CVS") (doc. no. 35) and defendants' response to plaintiffs' objections (doc. no. 38). The Magistrate Judge concluded that no genuine issues of material fact exist and therefore recommended that defendants' Motion for Summary Judgment (doc. no. 19) be granted; defendants' Motion for Partial Summary Judgment (doc. no. 21) be denied as moot; and defendants' Motion to Strike (doc. no. 28) be denied as moot.

## I. Introduction

On November 28, 2006, plaintiffs Jack and Pamela Kelley filed a Complaint against Unico and CVS in the Common Pleas Court of Butler County, Ohio. Defendants removed the action to the United States District Court on the basis of diversity jurisdiction on January 4, 2007. Following removal to this court, defendants filed a motion for summary judgment (doc. no. 19) and a separate motion for partial summary judgment regarding the applicability of Ohio's damage caps on non-economic damages (doc. no. 21). Plaintiffs filed responses to both motions (doc nos. 24, 25). In support of their response in opposition to defendants' motion for summary judgment, plaintiffs submitted: (A) an affidavit of Jack Kelley (hereinafter "Kelley"); (B) excerpts from Kelley's deposition; (C) an expert report authored by Arthur H. Cohen, M.D.; (D) an expert report authored by Eric Brown, M.D.; (E) an article titled "Renal Failure Due to Acute Nephrocalcinosis Following Oral Sodium Phosphate Bowel Cleansing"; and (F) excerpts from the deposition of Kim Jurell, M.D. (doc. no. 25, attachments).

## II. Plaintiffs' Objections to the Report and Recommendation

Plaintiffs specifically make the following objections to the Report and Recommendation:

- The Magistrate Judge's Report and Recommendation erroneously concludes that there is no genuine issue of fact concerning the issue of proximate causation in plaintiffs' product liability – inadequate warning claim.

- The Report and Recommendation erroneously concludes that plaintiffs failed to present evidence that the risks associated with the ingestion of the CVS laxative as a bowel cleanser outweighed the benefits associated with such use.

- The Report and Recommendation erroneously concludes that no genuine issues of material fact remain concerning plaintiffs' fraud claim.

- The Report and Recommendation erroneously concludes that no genuine issues of material fact remain concerning plaintiffs' CSPA claim.

- The Report and Recommendation erroneously concludes that no genuine issues of material fact remain concerning plaintiffs' unjust enrichment claim.

### III. Defendants' Responses to Plaintiffs' Objections

Defendants respond to plaintiffs' objections as follows:

- The Magistrate Judge correctly concluded that there is no genuine issue of material fact concerning the issue of proximate causation in plaintiffs' product liability – inadequate warning claim.

- **The Magistrate Judge correctly concluded that plaintiffs failed to present evidence that the risks associated with the ingestion of the CVS laxative as a bowel cleanser outweighed the benefits associated with such use.**

- **The Magistrate Judge correctly concluded that no genuine issues of material fact remain concerning plaintiffs' fraud claim.**

- **The Magistrate Judge correctly concluded that defendants are entitled to summary judgment on plaintiffs' CSPA and unjust enrichment claims.**

IV. **Defendants' Objections to the Report and Recommendation**

In addition, defendants raise the following objections to the Report and Recommendation:

- **The Magistrate Judge erroneously concluded that there was an issue of fact as to Kelley's actual use of defendants' product.**

- **The Magistrate Judge erroneously concluded that there was an issue of fact regarding defendants' knowledge of the risks associated with the use of oral sodium phosphate and their failure to provide a warning that a manufacturer exercising reasonable care would have provided concerning that risk.**

- **The Magistrate Judge erroneously concluded that plaintiffs' CSPA claims were not barred by the personal injury exception set forth in Ohio Rev. Code § 1345.12(C).**

- **To the extent this Court finds an issue of fact as to any of plaintiffs' claims, the Magistrate Judge may have erroneously dismissed defendants' Motion to Strike the Affidavit of Jack Kelley as moot.**

- **To the extent this Court finds an issue of fact as to any of plaintiffs' claims, the Magistrate Judge may have erroneously dismissed defendants' Motion for Partial Summary Judgment as moot.**

### V. Plaintiff Kelley's Actual Use of the CVS Laxative

The Court finds that defendants have raised a valid objection to the Magistrate Judge's conclusion that there is an issue of fact as to Kelley's actual use of defendants' product. The pertinent portion of the Magistrate Judge's Report and Recommendation concerning this issue is as follows:

> Defendants argue that Plaintiffs' claims must fail as a matter of law because Plaintiffs have not shown actual use of Defendants' product. Defendants point to Kelley's deposition testimony, wherein he was adamant that he purchased two 1.5 ounce bottles of the CVS laxative. Defendants show, however, that at the time of Kelley's alleged purchase of the CVS laxative, they only manufactured and sold 3 ounce bottles of the CVS laxative, and only began selling 1.5 ounce bottles of the CVS laxative at a later time . . . Further, the Nashville CVS store where Kelley allegedly purchased the product only sold one 3 ounce bottle during the week of Kelley's alleged purchase, a fact Plaintiffs apparently now concedes [sic].
>
> In response to Defendants' contention, Plaintiffs submitted an affidavit of Kelley, wherein Kelley states that he was mistaken during his deposition, and that following the deposition, he remembered that he only purchased one 3 ounce bottle of the CVS laxative. (Kelley Affidavit, ¶ 7). According to Kelley, from time to time before his deposition, he shopped at CVS stores

and saw 1.5 ounce bottles of the CVS laxative for sale. (*Id.*, ¶6). Based on those observations, Kelley contends in his affidavit that he "mistakenly believed" that he "purchased two 1.5 ounce bottles" and testified during his deposition about his mistaken belief. (*Id.*) Upon learning that records from the Nashville CVS store reflected "the sale of a single 3 oz. package" of the CVS laxative "for the sales week that included March 9, 2005[,]" Kelley now recalls purchasing only a single 3 ounce bottle of the CVS laxative. (*Id.*, ¶7).

\* \* \*

Without even considering Kelley's affidavit, issues of fact still remain. While the conflict between Kelley's deposition testimony and CVS's records raise questions as to whether Kelley actually used the CVS laxative, for purposes of summary judgment, we must construe the facts in Plaintiffs' favor. In his deposition, Kelley specifically remembers entering a CVS store in Nashville, Tennessee, and purchasing the CVS brand oral saline laxative. In total, Kelley recalls purchasing 3 total ounces of the CVS laxative, and consuming the entire amount. As a result, even without considering Kelley's affidavit, an issue of fact remains regarding Kelley's use of the CVS laxative.

This Court disagrees with the Magistrate Judge's resolution of this particular matter. The Court finds that the only competent evidence that may be considered on summary judgment fails to demonstrate the existence of a genuine issue of material fact as to whether Kelley purchased and used the CVS laxative. Kelley was questioned at length during his deposition regarding the product he had purchased. His

testimony on this matter was exact and unequivocal. He testified that he followed the instructions from Dr. Jurell's office "to a T." Kelley depo., p. 38. According to his testimony, the instructions were that he needed two 1.5-ounce bottles of what he seemed to remember was "Fleet's type sodium phosphate." *Id.*, p. 37. He testified that the instructions were to "mix the small, the 1-1/2 ounce bottles." *Id.*, p. 40. Kelley "for sure" remembered that the instructions listed two 1 1/2 ounce bottles of sodium phosphate solution among the necessary items to purchase and use for the preparation. *Id.*, p. 43. He testified that he was sure of what he had alleged in the complaint, which was that on March 9, 2005, he "purchased two 1.5 fluid-ounce packages of Oral Saline Laxative from a CVS store located at 303 Thompson Lane in Nashville." *Id.*, p. 45. Kelley reiterated that he specifically remembered the purchase of the sodium phosphate solution. *Id.*, p. 46. He estimated that he paid an amount in the $3.00 range for each bottle. *Id.*, p. 47. He recalled that the name "CVS" was on the package. *Id.* Kelley testified that he took the first bottle of the solution at 4:00 p.m. on March 10, 2005, pouring it into a full glass of what he believes was Sprite. *Id.*, p. 55. He believes the dosage instructions

were to mix the entire bottle with eight ounces of Sprite or 7-Up, or something similar. *Id.*, p. 60. Kelley reiterated later in his deposition testimony that he took "[t]wo separate 1-1/2-ounce doses totaling 3." *Id.*, p. 71. He acknowledged that he was sure he bought two bottles and he testified that they were both the CVS brand. *Id.*, pp. 72-73. Kelley testified that some time in the latter part of 2006, he bought a 1.5 ounce bottle of Fleet Phospho-soda and a 1.5 ounce bottle of CVS brand Oral Saline Laxative to compare the two packages and see if there had been any changes; the CVS packaging appeared to be generally the same type of packaging as the CVS product he had bought on March 9, 2005; and the type of bottle that came in the package or the shape of the package, to Kelley's recollection, was "very similar." *Id.*, pp. 62-64.

Plaintiffs have since conceded that at the time Kelley purchased the CVS oral saline laxative, it was available in only a three-ounce package. Transcript of Hearing on Objs. to Report and Recommendation, p. 17. Thus, although Kelley testified unequivocally and repeatedly at his deposition that he had purchased two 1 1/2 ounce bottles of the CVS laxative, it is undisputed that the CVS laxative was not available in that

size when he purportedly bought it. Because the CVS product Kelley testified he bought on March 9, 2005, did not exist at that time, plaintiffs cannot rely on Kelley's deposition testimony to establish that he ingested the CVS laxative which allegedly caused his injury. Instead, plaintiffs must come forward with some other competent evidence to establish that Kelley ingested the CVS brand laxative.

Plaintiffs rely on the CVS store records and Kelley's affidavit to create a genuine issue of material fact in this regard. In his affidavit, Kelley directly contradicts his deposition testimony by stating that on March 9, 2005, at the CVS pharmacy on Thompson Lane in Nashville, he purchased a single three-ounce package of the CVS brand Oral Saline Laxative. He states that he ingested 1.5 ounces of the solution on March 10, 2005, and the second 1.5 ounce dose on March 11, 2005. He explains the contradiction between his deposition testimony and his affidavit as follows:

¶ 6. **Prior to my deposition on May 31, 2007, from time to time while shopping at CVS pharmacies, I observed that they sold 1.5 ounce (45 ml) bottles of CVS Brand Oral Saline Laxative. Based on this observation, I mistakenly believed that back in March of 2005, I purchased two 1.5 ounce bottles of CVS Brand Oral Saline Laxative. I then proceeded to testify as such at my deposition, which testimony was based on a mistaken belief.**

¶ 7. **Following my deposition I learned that the sales/inventory records of the CVS Pharmacy, 303 Thompson Lane, Nashville, Tennessee do reflect the sale of a single 3 oz. package of the CVS brand Oral Saline Laxative for the sales week that included March 9, 2005 and no sales of the 1.5 oz. package size of Fleet Phospho-soda; the information contained in the defendant's records has refreshed my recollection that I purchased a single 3 oz. package of the CVS brand Oral Saline Laxative on March 9, 2005.**

¶ 8. **Moreover, I am certain that I followed Dr. Jurell's written instructions precisely as written and did not ingest more that [sic] a total quantity of 3 oz. (90 ml.) of the CVS Oral Saline Laxative prior to my March 11, 2005 colonoscopy.**

Plaintiffs cannot rely on Kelley's affidavit to establish that he purchased the CVS product because under well-established Sixth Circuit case law, Kelley's affidavit does not constitute competent evidence. As the Magistrate Judge acknowledged, the law of this circuit holds that "a party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially

contradicts his earlier deposition testimony." *Penny v. United Parcel Service,* 128 F.3d 408, 415 (6th Cir. 1997) (citing *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986)). The Sixth Circuit explained the reasoning behind the rule set forth in *Reid*:

> If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

790 F.3d at 460.

By submitting Kelley's affidavit, plaintiffs are attempting to do precisely what Sixth Circuit law forbids. That is, they are attempting to "create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts [Kelley's] earlier deposition testimony." As stated earlier, Kelley's deposition testimony precludes a finding that he purchased the CVS product because it was not available in the 1.5 ounce size Kelley definitively testified he bought. Plaintiffs cannot alter this unfavorable outcome by submitting an affidavit that contradicts Kelley's testimony

and instead coincides with evidence the opposing side has introduced in support of summary judgment.

This leaves the CVS sales records for the week that included March 9, 2005, which reflect the sale of a single 3-ounce package of CVS brand Oral Saline Laxative for the week. This evidence is insufficient to create a genuine issue of material fact as to whether Kelley purchased the CVS brand of laxative. The CVS sales records, when considered in conjunction with Kelley's deposition testimony that he purchased two 1 1/2 ounce bottles of CVS laxative, simply do not permit an inference that it was Kelley who purchased the 3-ounce bottle.

Thus, plaintiffs have failed to come forward with evidence sufficient to show that Kelley purchased and ingested defendants' product. Absent such a showing, plaintiffs are unable to prevail on their claims for (1) inadequate warnings, (2) defective design, (3) fraud, (4) violation of the Ohio Consumer Sales Practices Act, (5) unjust enrichment, and (6) loss of consortium. Accordingly, the Court need not address the parties' remaining objections. Defendants are entitled to summary judgment on all of plaintiffs' claims against them.

## VI. Conclusion

Upon a *de novo* review of the record, especially in light of the parties' objections, the Court finds that with the exception of the issue of plaintiffs' actual use of defendants' product, the parties' objections have either been adequately addressed and properly disposed of by the Magistrate Judge or that the Court need not address those objections in light of its determination that plaintiffs have failed to show that there is a genuine issue of material fact as to whether plaintiff Jack Kelley ingested defendants' product.

Accordingly, the Court hereby ADOPTS and incorporates by reference the Report and Recommendation of the United States Magistrate Judge (doc. no. 33) as modified herein. Defendants' Motion for Summary Judgment (doc. 19) is GRANTED; Defendants' Motion for Partial Summary Judgment (doc. 21) is DENIED as moot; and Defendants' Motion to Strike (doc. 28) is DENIED as moot.

This case is **DISMISSED** and **TERMINATED** on the docket of this Court at plaintiffs' cost.

**IT IS SO ORDERED.**

<u>**S/ Herman J. Weber**</u>
**Herman J. Weber, Senior Judge**
**United States District Court**